IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

MONTANA PUBLIC INTEREST
RESEARCH GROUP, et al.,

*Plaintiffs,*

and

JACOBSEN, et al.,

*Defendants.*

No. 6:23-cv-070-BMM

**BRIEF IN SUPPORT OF MOTION
TO INTERVENE BY THE
REPUBLICAN NATIONAL
COMMITTEE AND THE
MONTANA REPUBLICAN PARTY**

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................. ii

TABLE OF AUTHORITIES .......................................................................... iii

INTRODUCTION .......................................................................................... 1

    I.   Movants are entitled to intervene as of right. ................................. 3

        A.  The motion is timely. ................................................................ 3

        B.  Movants have protectable interests at stake. ........................... 5

        C.  This action would impair Movants' interests. ......................... 8

        D.  The existing parties do not adequately represent Movants'
            interests. .................................................................................... 9

    II.  Alternatively, Movants should be granted permissive intervention. ......... 12

CONCLUSION ............................................................................................. 14

CERTIFICATE OF COMPLIANCE ........................................................... 14

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Babb,*
 632 F.2d 300 (4th Cir. 1980) ................................................................ 7

*Ariz. Democratic Party v. Hobbs,*
 No. 2:20-cv-01143 (D. Ariz. June 26, 2020) .................................... 1

*Black Voters Matter Fund v. Raffensperger,*
 No. 1:20-cv-4869 (N.D. Ga. Dec. 9, 2020) ...................................... 2

*Brumfield v. Dodd,*
 749 F.3d 339 (5th Cir. 2014) ................................................................ 9

*California ex rel. Lockyer v. United States,*
 450 F.3d 436 (9th Cir. 2006) ................................................................ 5

*Citizens for Balanced Use v. Mont. Wilderness Ass'n,*
 647 F.3d 893 (9th Cir. 2011) ...........................................................3, 4

*Citizens United v. Gessler,*
 2014 WL 4549001 (D. Colo. Sept. 15, 2014) .................................. 7

*City of Emeryville v. Robinson,*
 621 F.3d 1251 (9th Cir. 2010) ............................................................. 6

*Coal. for Good Governance v. Raffensperger,*
 No. 1:21-cv-2070 (N.D. Ga. June 21, 2021) .................................... 1

*Concerned Black Clergy of Metro. Atlanta v. Raffensperger,*
 No. 1:21-cv-1728 (N.D. Ga. June 21, 2021) .................................... 1

*Conservation L. Found. of New England, Inc. v. Mosbacher,*
 966 F.2d 39 (1st Cir. 1992) ................................................................. 10

*Corona v. Cegavske,*
 No. CV 20-OC-644-1B (Nev. 1st Jud. Dist. Ct. Apr. 30, 2020) ...................... 2

*Crawford v. Marion Cty. Election Bd.,*
 553 U.S. 181 (2008) ...........................................................................6, 8

*Day v. Apoliona,*
   505 F.3d 963 (9th Cir. 2007) ................................................................. 5

*Democratic Nat. Comm. v. Republican Nat. Comm.,*
   671 F. Supp. 2d 575 (D.N.J. 2009) ....................................................... 8

*Democratic Nat'l Comm. v. Bostelmann,*
   2020 WL 1505640 (W.D. Wis. Mar. 28, 2020) ..................................... 1

*Democratic Nat'l Comm. v. Hobbs,*
   No. 2:22-cv-1369 (D. Ariz. Aug. 24, 2022) .......................................... 1

*Democratic Party of Va. v. Brink,*
   2022 WL 330183 (E.D. Va. Feb. 3, 2022) ............................................. 1

*Edwards v. Vos,*
   No. 20-cv-340 (W.D. Wis. June 23, 2020) (same) ............................... 1

*Emerson Hall Assocs. v. Travelers Cas. Ins.,*
   2016 WL 223794 (W.D. Wis. Jan. 19, 2016) ....................................... 13

*Eu v. S.F. Cty. Democratic Cent. Comm.,*
   489 U.S. 214 (1989) ............................................................................... 6

*Fla. Rising Together v. Lee,*
   No. 4:21-cv-201 (N.D. Fla. July 6, 2021) ............................................. 1

*Fla. State Conf. of Branches & Youth Units of NAACP v. Lee,*
   No. 4:21-cv-187 (N.D. Fla. June 8, 2021) ............................................ 1

*Fund for Animals, Inc. v. Norton,*
   322 F.3d 728 (D.C. Cir. 2003) ..................................................... 11, 13

*Ga. State Conf. of NAACP v. Raffensperger,*
   No. 1:21-cv-1259 (N.D. Ga. June 4, 2021) .......................................... 1

*Gear v. Knudson,*
   No. 3:20-cv-278 (W.D. Wis. Mar. 31, 2020) ........................................ 1

*Harriet Tubman Freedom Fighters Corp. v. Lee,*
   No. 4:21-cv-242 (N.D. Fla. July 6, 2021) ............................................. 1

*Hastert v. State Bd. of Elections,*
   777 F. Supp. 634 (N.D. Ill. 1991) ........................................................................ 7

*Hodgson v. UMWA,*
   473 F.2d 118 (D.C. Cir. 1972) ........................................................................... 9

*Idaho v. Freeman,*
   625 F.2d 886 (9th Cir. 1980) ........................................................................... 6

*Issa v. Newsom,*
   2020 WL 3074351 (E.D. Cal. June 10, 2020) ............................................. 7, 11

*Kleissler v. U.S. Forest Serv.,*
   157 F.3d 964 (3d Cir. 1998) ............................................................................ 10

*Kootenai Tribe of Idaho v. Veneman,*
   313 F.3d 1094 (9th Cir. 2002) ........................................................................ 13

*La Union del Pueblo Entero v. Abbott,*
   29 F.4th 299 (5th Cir. 2022) .......................................................................... 1, 6

*League of United Latin Am. Citizens v. Wilson,*
   131 F.3d 1297 (9th Cir. 1997) ........................................................................ 12

*League of Women Voters of Fla. v. Lee,*
   No. 4:21-cv-186 (N.D. Fla. June 4, 2021) ......................................................... 1

*League of Women Voters of Minn. Ed. Fund v. Simon,*
   No. 20-cv-1205 (D. Minn. June 23, 2020) ......................................................... 1

*League of Women Voters of Va. v. Va. State Bd. of Elections,*
   No. 6:20-cv-24 (W.D. Va. Apr. 29, 2020) .......................................................... 2

*Lewis v. Knudson,*
   No. 3:20-cv-284 (W.D. Wis. Mar. 31, 2020) ..................................................... 1

*Lockman v. Pioneer Nat. Res. USA, Inc.,*
   2023 WL 6793970 (D. Mont. Oct. 13, 2023) ................................................. 4, 5

*Mausolf v. Babbitt,*
   85 F.3d 1295 (8th Cir. 1996) ............................................................................ 8

*Meek v. Metro. Dade Cty.*,
  985 F.2d 1471 (11th Cir. 1993) ........................................................................11

*Mi Familia Vota v. Hobbs*,
  No. 2:21-cv-1423 (D. Ariz. Oct. 4, 2021)..................................................... 1

*Mont. Elders for a Livable Tomorrow v. U.S. Office of Surface Mining*,
  2015 WL 12748263 (D. Mont. Dec. 11, 2015)............................................. 4

*Montana v. EPA*,
  137 F.3d 1135 (9th Cir. 1998)......................................................................... 5

*N. Plains Res. Council v. Army Corps of Eng'rs*,
  2019 WL 5818061 (D. Mont. Nov. 7, 2019) ...............................................12

*New Ga. Project v. Raffensperger*,
  976 F.3d 1278 (11th Cir. 2020) ..................................................................... 8

*New Ga. Project v. Raffensperger*,
  No. 1:21-cv-1333 (N.D. Ga. June 4, 2021) ................................................. 1

*Nielsen v. DeSantis*,
  2020 WL 6589656 (N.D. Fla. May 28, 2020) .............................................14

*Nielsen v. DeSantis*,
  No. 4:20-cv-236 (N.D. Fla. May 28, 2020) ................................................. 1

*Nw. Forest Res. Council v. Glicman*,
  82 F.3d 825 (9th Cir. 1996) ......................................................................4, 10

*Pac for Middle Am. v. State Bd. of Elections*,
  1995 WL 571893 (N.D. Ill. Sept. 22, 1995) ..............................................13

*Paher v. Cegavske*,
  2020 WL 2042365 (D. Nev. Apr. 28, 2020).................................................. 7

*Pavek v. Simon*,
  No. 19-cv-3000 (D. Minn. July 12, 2020)..................................................... 1

*Priorities USA v. Nessel*,
  2020 WL 2615504 (E.D. Mich. May 22, 2020) ........................................... 1

*Purcell v. Gonzalez*,
    549 U.S. 1 (2006)........................................................................................ 8

*Radogno v. Ill. State Bd. of Elections*,
    2011 WL 5868225 (N.D. Ill. Nov. 22, 2011) ....................................... 7

*Sagebrush Rebellion v. Watt*,
    713 F.2d 525 (9th Cir. 1983) .................................................................. 6

*Scotts Valley Band of Pomo Indians of the Sugar Bowl Rancheria v. United States*,
    921 F.2d 924 (9th Cir. 1990) .................................................................. 3

*Shays v. FEC*,
    414 F.3d 76 (D.C. Cir. 2005) .............................................................7, 9

*Siegel v. LePore*,
    234 F.3d 1163, (11th Cir. 2001) ............................................................ 7

*Sixth Dist. of the African Methodist Episcopal Church v. Kemp*,
    No. 1:21-cv-1284 (N.D. Ga. June 4, 2021) ......................................... 1

*Smith v. L.A. Unified Sch. Dist.*,
    830 F.3d 843 (9th Cir. 2016) .................................................................. 4

*Smith v. Marsh*,
    194 F.3d 1045 (9th Cir. 1999) ................................................................ 4

*Sw. Ctr. for Biological Diversity v. Berg*,
    268 F.3d 810 (9th Cir. 2001) .......................................................... 10, 11

*Swenson v. Bostelmann*,
    No. 20-cv-459 (W.D. Wis. June 23, 2020) ......................................... 1

*Thomas v. Andino*,
    2020 WL 2306615 (D.S.C. May 8, 2020)............................................. 2

*Trinsey v. Pennsylvania*,
    941 F.2d 224 (3d Cir. 1991) ................................................................... 7

*United States v. City of Los Angeles*,
    288 F.3d 391 (9th Cir. 2002) ................................................... 3, 5, 6, 8

*United States v. Washington,*
    86 F.3d 1499 (9th Cir. 1996) ........................................................................ 5

*Utah Ass'n of Cntys. v. Clinton,*
    255 F.3d 1246 (10th Cir. 2001) ................................................................. 11

*Vote.org v. Byrd,*
    No. 4:23-cv-111 (N.D. Fla. May 26, 2023) ........................................... 1

*VoteAmerica v. Raffensperger,*
    No. 1:21-cv-1390 (N.D. Ga. June 4, 2021) ........................................... 1

*Wash. State Bldg. & Constr. Trades Council v. Spellman,*
    684 F.2d 627 (9th Cir. 1982) ....................................................................... 6

*Wilderness Soc'y v. U.S. Forest Serv.,*
    630 F.3d 1173 (9th Cir. 2011) ............................................................... 5, 13

*Yniguez v. Arizona,*
    939 F.2d 727 (9th Cir. 1991) ....................................................................... 6

**Statutes**

52 U.S.C. §30101 ................................................................................................. 2

**Other Authorities**

Commissioner of Political Practices, *About Us*, perma.cc/XMP9-A5ZK (last visited
    Oct. 17, 2023) ................................................................................................ 12

**Rules**

Fed. R. Civ. P. 24 ....................................................................................... passim

# INTRODUCTION

The Republican National Committee (RNC) and Montana Republican Party respectfully request to intervene as defendants. Movants, like any political party, "bring[] a unique perspective" to cases "challenging voting laws." *Democratic Party of Va. v. Brink*, 2022 WL 330183, at *2 (E.D. Va. Feb. 3, 2022). That is why Republican committees have been granted intervention in nearly all cases in which they have sought it.[1] Likewise, Movants' intervention in this case, which challenges Montana's voting law, should be granted for two independent reasons.

---

[1] *See, e.g., Vote.org v. Byrd*, Doc. 85, No. 4:23-cv-111 (N.D. Fla. May 26, 2023) (granting intervention to RNC and the Republican Party of Pasco County); *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 309 (5th Cir. 2022) (reversing the district court's denial of the Republican committee's motion to intervene as of right); *Democratic Nat'l Comm. v. Hobbs*, Doc. 18, No. 2:22-cv-1369 (D. Ariz. Aug. 24, 2022) (granting intervention to the RNC); *Mi Familia Vota v. Hobbs*, Doc. 53, No. 2:21-cv-1423 (D. Ariz. Oct. 4, 2021) (granting intervention to the RNC and the National Republican Senatorial Committee ("NRSC")); *Harriet Tubman Freedom Fighters Corp. v. Lee*, Doc. 34, No. 4:21-cv-242 (N.D. Fla. July 6, 2021) (granting intervention to the RNC and the NRSC); *Fla. Rising Together v. Lee*, Doc. 52, No. 4:21-cv-201 (N.D. Fla. July 6, 2021) (same); *Fla. State Conf. of Branches & Youth Units of NAACP v. Lee*, Doc. 43, No. 4:21-cv-187 (N.D. Fla. June 8, 2021) (same); *League of Women Voters of Fla. v. Lee*, Doc. 72, No. 4:21-cv-186 (N.D. Fla. June 4, 2021) (same); *Sixth Dist. of the African Methodist Episcopal Church v. Kemp*, Minute Order, No. 1:21-cv-1284 (N.D. Ga. June 4, 2021) (granting intervention to the RNC, NRSC, National Republican Congressional Committee ("NRCC") and the Georgia Republican Party); *Concerned Black Clergy of Metro. Atlanta v. Raffensperger*, Minute Order, No. 1:21-cv-1728 (N.D. Ga. June 21, 2021) (same); *Coal. for Good Governance v. Raffensperger*, Minute Order, No. 1:21-cv-2070 (N.D. Ga. June 21, 2021) (same); *Ga. State Conf. of NAACP v. Raffensperger*, Doc. 40, No. 1:21-cv-1259 (N.D. Ga. June 4, 2021) (same); *VoteAmerica v. Raffensperger*, Doc. 50, No. 1:21-cv-1390 (N.D. Ga. June 4, 2021) (same); *New Ga. Project v. Raffensperger*, Doc. 39, No. 1:21-cv-1333 (N.D. Ga. June 4, 2021) (same); *Swenson v. Bostelmann*, Doc. 38, No. 20-cv-459 (W.D. Wis. June 23, 2020) (granting intervention to the RNC and Republican Party of Wisconsin); *Edwards v. Vos*, Doc. 27, No. 20-cv-340 (W.D. Wis. June 23, 2020) (same); *Democratic Nat'l Comm. v. Bostelmann*, 2020 WL 1505640, at *5 (W.D. Wis. Mar. 28, 2020) (same); *Gear v. Knudson*, Doc. 58, No. 3:20-cv-278 (W.D. Wis. Mar. 31, 2020) (same); *Lewis v. Knudson*, Doc. 63, No. 3:20-cv-284 (W.D. Wis. Mar. 31, 2020) (same); *Pavek v. Simon*, Doc. 96, No. 19-cv-3000 (D. Minn. July 12, 2020) (granting intervention to the RNC, the NRSC, and Republican Party of Minnesota, among others); *Ariz. Democratic Party v. Hobbs*, Doc. 60, No. 2:20-cv-01143 (D. Ariz. June 26, 2020) (granting intervention to the RNC and the Arizona Republican Party, among others); *League of Women Voters of Minn. Ed. Fund v. Simon*, Doc. 52, No. 20-cv-1205 (D. Minn. June 23, 2020) (granting intervention to the RNC and the Republican Party of Minnesota, among others); *Nielsen v. DeSantis*, Doc. 101, No. 4:20-cv-236 (N.D. Fla. May 28, 2020) (granting intervention to the RNC, NRCC, and Republican Party of Florida); *Priorities USA v. Nessel*, 2020 WL 2615504, at *5 (E.D. Mich. May 22, 2020) (granting intervention to the RNC and Republican Party of Michigan); *Thomas v.*

*First*, Movants satisfy Rule 24(a)(2)'s standard for intervention as of right. The motion is timely—it comes prior to the filing of any responsive pleadings and less than four weeks after the lawsuit was filed. Movants also have great interests in this matter. As political committees, Movants have interests in protecting themselves and their members from abrupt changes to election laws, particularly laws impacting the registration requirements for voters. Finally, no other party adequately represents Movants' interests. None of the other Defendants, who represent the State of Montana and other governmental entities, share Movants' interests in conserving the Republican Party's resources, educating the Republican Party's voters, and electing the Republican Party's candidates.

*Second*, in the alternative, the Court should grant Movants permissive intervention under Rule 24(b). As stated above, this motion is timely. Movants' defenses share common questions of law and fact with the existing parties and claims, and granting the motion will not prejudice the parties nor will it cause any delay.

## INTERESTS OF PROPOSED INTERVENORS

The Republican National Committee is a national committee as defined by 52 U.S.C. §30101. It manages the Republican Party's business at the national level, supports Republican candidates, and coordinates fundraising and election strategy throughout the United States. The RNC has an interest in how Montana's elections are

---

*Andino*, 2020 WL 2306615, at *4 (D.S.C. May 8, 2020) (granting intervention to the South Carolina Republican Party); *Corona v. Cegavske*, No. CV 20-OC-644-1B (Nev. 1st Jud. Dist. Ct. Apr. 30, 2020) (granting intervention to the RNC and Nevada Republican Party); *League of Women Voters of Va. v. Va. State Bd. of Elections*, Doc. 57, No. 6:20-cv-24 (W.D. Va. Apr. 29, 2020) (granting intervention to the Republican Party of Virginia); *Black Voters Matter Fund v. Raffensperger*, Doc. 42, No. 1:20-cv-4869 (N.D. Ga. Dec. 9, 2020) (granting intervention to RNC and Georgia Republican Party).

run, including the upcoming elections for the Presidency, Senate, House, and many state offices. The Montana Republican Party is a recognized political party that works to promote Republican values and assist Republican candidates in federal, state, and local races. Both Movants have interests—including their own and those of their members—in how Montana's elections are run. Those interests include the outcome of Montana's upcoming elections for the Presidency, Senate, House, and more than a hundred state offices.

## ARGUMENT

### I.    Movants are entitled to intervene as of right.

Rule 24(a)(2) allows intervention to any party as of right when the movant demonstrates: (1) the motion is timely; (2) the motion has a "significant protectable interest" in the action; (3) "the disposition of the action may, as a practical matter, impair or impede the [movant's] ability to protect its interest;" and (4) "the existing parties may not adequately represent the [movant's] interest." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011). The Ninth Circuit maintains "[a] liberal policy in favor of intervention," which "serves both efficient resolution of issues and broadened access to the courts." *United States v. City of Los Angeles*, 288 F.3d 391, 397-98 (9th Cir. 2002). Accordingly, Rule 24(a)'s four-part test "is construed broadly." *Scotts Valley Band of Pomo Indians of the Sugar Bowl Rancheria v. United States*, 921 F.2d 924, 926 (9th Cir. 1990). Movants meet all four criteria here.

### A. The motion is timely.

When evaluating whether a motion is timely, the Court considers "the totality of the circumstances ... with a focus on three primary factors: '(1) the stage of the

proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay.'" *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016) (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004)). This Court has further noted that it "may consider the time elapsed since the proceeding's initiation, how much activity has yet occurred in the case, and whether the district court has issued substantive rulings." *Lockman v. Pioneer Nat. Res. USA, Inc.*, 2023 WL 6793970, at *2 (D. Mont. Oct. 13, 2023). "The crucial date for assessing the timeliness of a motion to intervene is when proposed intervenors should have been aware that their interests would not be adequately protected by the existing parties." *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). Movants meet each of these factors.

*First*, Movants seek to intervene in this action a mere four weeks after the lawsuit was filed. No Defendant has filed a responsive pleading yet, the Court made no substantive rulings, and Movants are able to comply with every deadline in the scheduling order the Court issued last week. *See* Doc. 4. In this Circuit, this means the motion is timely. *See, e.g., Citizens for Balanced Use*, 647 F.3d at 897 (permitting intervention where parties moved to intervene several months after a complaint was filed and after the defendants filed an answer); *Nw. Forest Res. Council v. Glicman*, 82 F.3d 825, 837 (9th Cir. 1996) (concluding motion was timely because motion was filed before the defendant filed an answer and before the district court made any "substantive rulings"); *Mont. Elders for a Livable Tomorrow v. U.S. Office of Surface Mining*, 2015 WL 12748263, at *1 (D. Mont. Dec. 11, 2015) (permitting intervention where parties moved to intervene several months after a complaint was filed and after the defendants filed

4

an answer); *Lockman*, 2023 WL 6793970, at *2 (granting intervention years after initial filing and "five weeks after [intervenor's] interest in the claims became apparent").

*Second*, Movants' prompt intervention will not prejudice the original parties. Parties are prejudiced if the intervenors will "inject new issues into the litigation," *Day v. Apoliona*, 505 F.3d 963, 965 (9th Cir. 2007), or otherwise "complicate the issues and prolong the litigation," *United States v. Washington*, 86 F.3d 1499, 1504 (9th Cir. 1996). As explained above, Plaintiffs haven't filed any briefs or dispositive motions, Defendants have not filed any responsive pleadings, this Court has not issued any substantive rulings, and Movants will not disrupt the Court's scheduling order. The motion is timely.

### B. Movants have protectable interests at stake.

Movants' interests fall squarely within Rule 24. A movant "has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation." *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006). In other words, where there is an interest protectable under some law and a relationship between that interest and the claims at issue, the Court must freely grant intervention. *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011). "The 'interest' test is not a clear-cut or bright-line rule, because '[n]o specific legal or equitable interest need be established.'" *City of Los Angeles*, 288 F.3d at 398 (quoting *Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993)). Even where a movant merely shows that resolution of the claims at issue will *affect* the movant, the Ninth Circuit recognizes a protectable interest. *Montana v. EPA*, 137 F.3d 1135, 1141-42 (9th Cir. 1998). And where the "intervention [is] based on an interest that is

5

contingent upon the outcome of the litigation," courts allow the movant to intervene. *City of Emeryville v. Robinson*, 621 F.3d 1251, 1259 (9th Cir. 2010) (internal quotations omitted).

The Ninth Circuit's cases granting intervention reinforce its broad application of Rule 24. *City of Los Angeles*, 288 F.3d at 397-98. For example, the Circuit has granted intervention to parties who sponsored an anti-nuclear statute in a lawsuit challenging that statute, *Wash. State Bldg. & Constr. Trades Council v. Spellman*, 684 F.2d 627 (9th Cir. 1982), to the National Organization of Women in a lawsuit challenging procedural issues related to the failed ratification of the Equal Rights Amendment, *Idaho v. Freeman*, 625 F.2d 886 (9th Cir. 1980), to the National Audubon Society in a lawsuit challenging the creation of a conservation area, *Sagebrush Rebellion v. Watt*, 713 F.2d 525 (9th Cir. 1983), and to sponsors of a ballot initiative stating that English was the official language for ballots in a lawsuit challenging that very statute, *Yniguez v. Arizona*, 939 F.2d 727 (9th Cir. 1991). One of the nation's two major political parties has interests in elections at least as significant as the interests warranting intervention in those cases.

Plaintiffs here challenge a law that is designed to serve "the integrity of [the] election process," *Eu v. S.F. Cty. Democratic Cent. Comm.*, 489 U.S. 214, 231 (1989), and promote the "orderly administration" of elections, *Crawford v. Marion Cty. Election Bd.*, 553 U.S. 181, 196 (2008) (op. of Stevens, J.). Movants have "a direct and substantial interest in the proceedings" because they "affect [their] ability to participate in and maintain the integrity of the election process in [Montana]." *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 306 (5th Cir. 2022). Because Movants' candidates will "actively seek [election or] reelection in contests governed by the challenged rules," and Movants'

6

voters will vote in them, Movants have an interest in "demand[ing] adherence" to Montana's rules. *Shays v. FEC*, 414 F.3d 76, 88 (D.C. Cir. 2005).

Moreover, Movants have interests similar to Plaintiffs' in the efficient use of their limited resources to educate their members on election procedures and voting requirements, and to encourage eligible voters to cast ballots for Republican candidates. *Issa v. Newsom*, 2020 WL 3074351, at *3 (E.D. Cal. June 10, 2020); *Paher v. Cegavske*, 2020 WL 2042365, at *2 (D. Nev. Apr. 28, 2020) (finding a protectable interest where "success on [plaintiffs'] claims would disrupt the organizational intervenors' efforts to promote the franchise and ensure the election of Democratic Party candidates"). For example, the law Plaintiffs challenge helps preserve resources for Movants' get-out-the-vote efforts by ensuring that the voter rolls contain only voters eligible to participate in Montana elections. As a result of similar effects on organizational activities, courts routinely grant the Republican Party's requests for intervention. *E.g.*, *Siegel v. LePore*, 234 F.3d 1163, 1169 n.1 (11th Cir. 2001); *Trinsey v. Pennsylvania*, 941 F.2d 224, 226 (3d Cir. 1991); *Anderson v. Babb*, 632 F.2d 300, 304 (4th Cir. 1980); *Hastert v. State Bd. of Elections*, 777 F. Supp. 634, 639 (N.D. Ill. 1991); *Radogno v. Ill. State Bd. of Elections*, 2011 WL 5868225, *1 (N.D. Ill. Nov. 22, 2011). Indeed, given their inherent and broad-based interest in elections, usually "[n]o one disputes" that political parties "meet the impaired interest requirement for intervention as of right." *Citizens United v. Gessler*, 2014 WL 4549001, *2 (D. Colo. Sept. 15, 2014). If Plaintiffs have standing to bring this case based on the diversion of their resources, *see* Doc. 1 at 5-7, then Movants have an equivalent interest in the preservation of theirs.

Finally, the Supreme Court has explained that "[c]ourt orders affecting elections ... can themselves result in voter confusion and consequent incentive to remain away from the polls." *Purcell v. Gonzalez*, 549 U.S. 1, 4-5 (2006). Preventing courts from enjoining election safeguards "promotes confidence in our electoral system—assuring voters that all will play by the same, *legislatively enacted* rules." *New Ga. Project v. Raffensperger*, 976 F.3d 1278, 1284 (11th Cir. 2020) (emphasis added). Movants have a keen interest in *preventing* voter confusion and incentivizing Republican voters to show up to the polls—interests that Plaintiffs' requested relief will undermine. Simply put, "[t]he RNC has a valid interest in the orderly administration of elections." *Democratic Nat. Comm. v. Republican Nat. Comm.*, 671 F. Supp. 2d 575, 621 (D.N.J. 2009) (citing *Crawford*, 553 U.S. at 196), *aff'd*, 673 F.3d 192 (3d Cir. 2012).

## C. This action would impair Movants' interests.

A proposed intervenor need only show that the result of litigation "*may* ... impair or impede" its legally protectable interests, not that impairment is guaranteed to occur. Fed. R. Civ. P. 24(a)(2) (emphasis added); *City of Los Angeles*, 288 F.3d at 401. But going forward without Movants will almost certainly impair their interests.

For starters, "if the Government were to lose this case, or to settle it against [Movants'] interests," Movants would "suffer," and their interests—along with the interests of their members, volunteers, candidates, and voters—would be irreparably impaired. *Mausolf v. Babbitt*, 85 F.3d 1295, 1302-03 (8th Cir. 1996). An adverse decision would not only undercut democratically enacted laws that protect voters and candidates (including Movants' members), but also change the "structur[e] of th[e] competitive environment" and "fundamentally alter the environment in which [Movants] defend

their concrete interests (e.g. their interest in ... winning [election or] reelection)." *Shays*, 414 F.3d at 85-86. As described above, Movants also have interests in maintaining the integrity of the election process. And an injunction of the challenged law threatens the credibility of the election by removing key protections against voters who register in multiple jurisdictions from voting in Montana's elections. Movants also expend significant resources educating their candidates and members about voting requirements. That education is particularly important where, as here, the challenged law imposes criminal penalties for violations. Finally, enjoining the law would result in Movants wasting precious get-out-the-vote resources on voters who are not eligible to vote in Montana's elections. These interests, and the threat to these interests if Plaintiffs are successful, easily satisfy the impairment requirement.

Moreover, "as a practical matter," Fed. R. Civ. P. 24(a)(2), an adverse decision from this Court could prevent Movants from defending their rights at all. This proceeding might be the *only* time that Movants can litigate Plaintiffs' claims before the next election. So, in a very real sense, this Court's decision could be the final word on the laws governing next election. Because the "very purpose of intervention is to allow interested parties to air their views ... *before* making potentially adverse decisions," *Brumfield v. Dodd*, 749 F.3d 339, 345 (5th Cir. 2014) (emphasis added), the "best" course is to give "all parties with a real stake in [the] controversy ... an opportunity to be heard." *Hodgson v. UMWA*, 473 F.2d 118, 130 (D.C. Cir. 1972). That includes Movants.

**D. The existing parties do not adequately represent Movants' interests.**

Finally, no party adequately represents Movants' interests. Establishing inadequacy is a "minimal" burden. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810,

822 (9th Cir. 2001). Courts in this Circuit consider (1) whether a present party "will undoubtedly make all the intervenor's arguments;" (2) whether a present party can and is willing to make those arguments; and (3) whether the proposed intervenor offers "necessary elements to the proceedings that other parties would neglect." *Nw. Forest Res. Council*, 82 F.3d at 838. Movants satisfy this "minimal" burden. *Sw. Ctr. for Biological Diversity*, 268 F.3d at 822.

Neither Plaintiffs nor Defendants represent Movants' interests. Plaintiffs seek to dismantle a law that Movants seek to defend. And while Defendants might oppose Plaintiffs' lawsuit, they ultimately represent the sovereign interests of the State, not the particular interests of a partisan organization seeking to elect its own party representatives. Thus, "even if" a "presumption of adequacy applies" because Movants and Defendants share "the same 'ultimate objective,'" "it is rebutted here because [Movants] and Defendants do not have sufficiently congruent interests." *Id.* at 823. The State's interests "are necessarily colored by its view of the public welfare, rather than the more parochial views of a proposed intervenor whose interest is personal to it." *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 972 (3d Cir. 1998). While Defendants "may well believe that what best serves the public welfare will also best serve the overall interests of [Movants], the fact remains that [Movants] may see their own interest in a different, perhaps more parochial light." *Conservation L. Found. of New England, Inc. v. Mosbacher*, 966 F.2d 39, 44 (1st Cir. 1992). As a result, "the government's representation of the public interest generally cannot be assumed to be identical to the individual parochial interest of a [private movant] merely because both entities occupy the same posture in the litigation." *Utah Ass'n of Cntys. v. Clinton*, 255 F.3d 1246, 1255-56 (10th

10

Cir. 2001). Courts thus "often conclud[e] that governmental entities do not adequately represent the interests of aspiring intervenors." *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 736 (D.C. Cir. 2003).

This distinction between the interests of the government and partisan organizations is most pronounced in the election context. Defendants have no interest in the election of particular candidates, the mobilization of particular voters, or the costs associated with either. Instead, as state officials acting on behalf of all Montana citizens and the state itself, Defendants must consider "a range of interests likely to diverge from those of the intervenors." *Meek v. Metro. Dade Cty.*, 985 F.2d 1471, 1478 (11th Cir. 1993). Even if Defendants and Movants "fall on the same side of the dispute," the "Defendants' arguments turn on their inherent authority as state executives and their responsibility to properly administer election laws," while political parties "are concerned with ensuring their party members and the voters they represent have the opportunity to vote in the upcoming federal election, advancing their overall electoral prospects, and allocating their limited resources to inform voters about the election procedures." *Issa*, 2020 WL 3074351, at *3 (granting intervention to the Democratic Congressional Campaign Committee and the Democratic Party of California). And "[t]he interests of government and the private sector may diverge" on key issues such as whether to settle, pursue a resolution on the merits, concede certain facts, and seek appeal. *Sw. Ctr. for Biological Diversity*, 268 F.3d at 823.

Unlike Movants—who are devoted to electing, funding, and representing Republicans—the Secretary of State, Attorney General, and the Montana Commissioner of Political Practices represent the interests of the entire state. Indeed,

11

while the Secretary of State and Attorney General are elected officials, the Commissioner of Political Practices is expressly "nonpartisan." Commissioner of Political Practices, *About Us*, perma.cc/XMP9-A5ZK (last visited Oct. 17, 2023). The differences in their interests, and the arguments they will press, satisfy this final requirement for intervention.

## II.  Alternatively, Movants should be granted permissive intervention.

Even if the Court denies Movants intervention as of right under Rule 24(a), this Court should grant it permissive intervention under Rule 24(b). Exercising broad judicial discretion, courts grant permissive intervention whenever a movant has "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). Courts must also consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Permissive intervention is warranted when (1) the movant shows "independent grounds for jurisdiction;" (2) the motion is timely; and (3) there is "a question of law or a question of fact in common." *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997). But a "party does not need to demonstrate that independent jurisdictional grounds exist in federal-question cases when the party seeking intervention does not raise new claims." *N. Plains Res. Council v. Army Corps of Eng'rs*, 2019 WL 5818061, at *2 (D. Mont. Nov. 7, 2019) (citing *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843-44 (9th Cir. 2011)). Movants do not raise any new claims, and they easily satisfy the remaining two factors.

*First*, as explained above, this motion is timely because the case is brand new, and no Defendant has responded to the complaint. *See, e.g.*, *Fund for Animals*, 322 F.3d at 735 (granting motion filed two months after complaint was filed).

*Second*, Movants meet the commonality requirement under Rule 24(b). This commonality requirement is not a high standard. *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108 (9th Cir. 2002), *abrogated on other grounds by Wilderness Soc'y*, 630 F.3d at 1173. Movants will raise "defense[s]" that share many common questions with the parties' claims and defenses. Fed. R. Civ. P. 24(b). Plaintiffs claim the challenged law is unconstitutional and must be enjoined. Movants believe the law is valid, that an injunction is unwarranted, and that Plaintiffs' desired relief would undermine Movants' interests, their members' interests, and the interests of Montana voters. In other words, Movants and Plaintiffs don't just dispute some "common question[s]" in the case, *id.*— they dispute *all* "the issues presently pending." *Pac for Middle Am. v. State Bd. of Elections*, 1995 WL 571893, *4 (N.D. Ill. Sept. 22, 1995) (granting intervention for this reason).

*Third*, and finally, in exercising discretion, the court must also consider "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b)(3). As explained above, Plaintiffs have yet to file any briefs or dispositive motions, Defendants have not filed any responsive pleadings, and this Court has not issued any substantive rulings. Movants also commit to complying with all deadlines that govern the parties, working to prevent duplicative briefing, and coordinating with the parties on discovery, "which is a promise" that undermines claims of undue delay, *Emerson Hall Assocs. v. Travelers Cas. Ins.*, 2016 WL 223794, at *2 (W.D. Wis. Jan. 19, 2016); *see also Nielsen v. DeSantis*, 2020 WL 6589656,

13

at *1 (N.D. Fla. May 28, 2020). No parties will be prejudiced by Movants' participation in this case.

## CONCLUSION

The Court should grant Movants' motion to intervene and allow the Republican National Committee and the Montana Republican Party to intervene as defendants.

Dated: October 23, 2023

Thomas R. McCarthy*
Katie Smithgall
Conor D. Woodfin*
Consovoy McCarthy PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com
katie@consovoymccarthy.com
conor@consovoymccarthy.com

*pending pro hac vice admission

Respectfully submitted,

By: */s/ Dale Schowengerdt*

Dale Schowengerdt
Landmark Law PLLC
7 West 6th Avenue, Suite 518
Helena, MT 59601
(406) 457-5496
dale@landmarklawpllc.com

*Counsel for the Republican National Committee
and the Montana Republican Party*

### CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2)(E), I certify that the foregoing motion complies with Local Rule 7.1(b) and (c) and contains 4,739 words.

Dated: October 23, 2023

By: */s/ Dale Schowengerdt*

14