Raph Graybill
**GRAYBILL LAW FIRM, PC**
300 4th Street North
P.O. Box 3586
Great Falls, Montana 59403
rgraybill@silverstatelaw.net
ph. (406) 452-8566

Jonathan P. Hawley
**ELIAS LAW GROUP LLP**
1700 Seventh Avenue, Suite 2100
Seattle, Washington 98101
jhawley@elias.law
ph. (206) 656-0179

Aria C. Branch*
**ELIAS LAW GROUP LLP**
250 Massachusetts Avenue NW, Suite 400
Washington, D.C. 20001
abranch@elias.law
ph. (202) 968-4490

*Attorneys for Plaintiffs*

**Admitted pro hac vice*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MONTANA PUBLIC INTEREST RESEARCH GROUP; MONTANA FEDERATION OF PUBLIC EMPLOYEES,<br><br>Plaintiffs,<br><br>vs.<br><br>CHRISTI JACOBSEN, in her official capacity as Montana Secretary of State; AUSTIN KNUDSEN, in his official capacity as Montana Attorney General; CHRIS GALLUS, in his official capacity as Montana Commissioner of Political Practices,<br><br>Defendants. | CV 23-70-H-BMM-KLD<br><br><br>PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION |

Pursuant to Federal Rule of Civil Procedure 65(a), Plaintiffs Montana Public Interest Research Group and Montana Federation of Public Employees, for the reasons set forth here and in their accompanying brief, respectfully move for an order preliminary enjoining Defendants from enforcing the provisions of House Bill 892 ("HB892") codified at section 13-35-210(5) of the Montana Code.

A preliminary injunction is warranted here because Plaintiffs are likely to succeed on the merits of their claims that HB892 violates the First and Fourteenth Amendments to the U.S. Constitution. HB892 criminalizes the act of "purposefully remain[ing] registered to vote in more than one place" and requires registrants to "provide [] previous registration information on the Montana voter registration application," Mont. Code Ann. § 13-35-210(5), but fails to define what it means to "purposefully remain registered," what affirmative steps must be taken to avoid severe criminal penalties, and the extent of the information Montanans must include on voter-registration applications. Because it "fails to provide a person of ordinary intelligence fair notice of what is prohibited" and "is so standardless that it authorizes or encourages seriously discriminatory enforcement," *Butcher v. Knudsen*, 38 F.4th 1163, 1169 (9th Cir. 2022) (quoting *FCC v. Fox Television Stations, Inc.*, 567 U.S. 239, 253 (2012)), HB892 violates the U.S. Constitution's guarantee of due process.

HB892 also goes beyond its legitimate objective—prohibiting double voting—and criminalizes other facets of the voter-registration process, burdening and chilling the constitutionally protected conduct not only of voters, but also of organizations like Plaintiffs that help their members, constituents, and fellow Montanans access the franchise. Because it criminalizes and chills political expression beyond its stated and legitimate purpose, HB892 is fatally overbroad in violation of the First and Fourteenth Amendments. *See, e.g.*, *United States v. Stevens*, 559 U.S. 460, 473 (2010).

Due to its vagueness and overbreadth, HB892 threatens to deprive Plaintiffs and their members of their constitutional right to political expression, which "unquestionably constitutes irreparable injury." *Brown v. Jacobsen*, No. 21-92-H-PJW-DWM-BMM, 2022 WL 122777, at *4 (D. Mont. Jan. 13, 2022) (three-judge court) (quoting *Index Newspapers LLC v. U.S. Marshals Serv.*, 977 F.3d 817, 837 (9th Cir. 2020)). In particular, courts have found that the "loss of . . . voter registrations, and a burden to Plaintiffs' First and Fourteenth Amendment rights to organize voters," constitute irreparable harm. *Mi Familia Vota v. Hobbs*, 492 F.Supp.3d 980, 988 (D. Ariz.), *stayed on other grounds*, 977 F.3d 948 (9th Cir. 2020) (per curiam).

Finally, "it is always in the public interest to prevent the violation of a party's constitutional rights," *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir.

2012) (cleaned up), and to "permit[] as many qualified voters to vote as possible," *Obama for Am. v. Husted*, 697 F.3d 423, 437 (6th Cir. 2012). By contrast, "a state is in no way harmed by issuance of a preliminary injunction which prevents the state from enforcing restrictions likely to be found unconstitutional." *Giovani Carandola, Ltd. v. Bason*, 303 F.3d 507, 521 (4th Cir. 2002) (cleaned up).

Plaintiffs therefore request that the Court preliminarily enjoin Defendants from enforcing the provisions of HB892 codified at section 13-35-210(5) of the Montana Code.

Plaintiffs also request that the Court waive the posting of security as otherwise required by Federal Rule of Civil Procedure 65(c). *See, e.g.*, *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882–83 (9th Cir. 2003) ("The district court is afforded wide discretion in setting the amount of the bond, and the bond amount may be zero if there is no evidence the party will suffer damages from the injunction." (citation omitted)); *Wilderness Watch v. U.S. Fish & Wildlife Serv.*, No. CV 23-77-M-DWM, 2023 WL 4926848, at *12 (D. Mont. Aug. 2, 2023) (noting that Rule 65(c)'s bond requirement can be waived in cases involving public interest), *appeal docketed*, No. 23-35577 (9th Cir. Sept. 1, 2023); *Goyette v. City of Minneapolis*, 338 F.R.D. 109, 121 (D. Minn. 2021) ("Courts have concluded that a bond is not required to obtain preliminary injunctive relief when a plaintiff is seeking to prevent a government entity from violating the First

Amendment."); *New Ga. Project v. Raffensperger*, 484 F.Supp.3d 1265, 1307 n.33 (N.D. Ga. 2020) (exercising discretion to waive security in voting-rights case).

Dated: November 6, 2023

By: _____
Raph Graybill
**GRAYBILL LAW FIRM, PC**
300 4th Street North
P.O. Box 3586
Great Falls, Montana 59403
rgraybill@silverstatelaw.net
ph. (406) 452-8566

Jonathan P. Hawley
**ELIAS LAW GROUP LLP**
1700 Seventh Avenue, Suite 2100
Seattle, Washington 98101
jhawley@elias.law
ph. (206) 656-0179

Respectfully submitted,

Aria C. Branch*
**ELIAS LAW GROUP LLP**
250 Massachusetts Avenue NW, Suite 400
Washington, D.C. 20001
abranch@elias.law
ph. (202) 968-4490

*Attorneys for Plaintiffs*

**Admitted pro hac vice*

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that, on this 6th day of November, 2023, a copy of the foregoing document was served on the following persons by the following means:

| | |
|---|---|
| 4,5 | CM/ECF |
| ___ | Hand Delivery |
| ___ | Mail |
| 1,2,3 | Certified Mail |
| ___ | Fax |
| ___ | E-Mail |

1. Christi Jacobsen
   Montana Secretary of State
   1301 E 6th Ave.
   Helena, MT 59601

2. Austin Knudsen
   Montana Attorney General
   215 N Sanders, Third Floor
   Helena, MT 59601

3. Chris Gallus
   Montana Commissioner of Political Practices
   1209 8th Ave.
   Helena, MT 59601

4. Dale Schowengerdt
   Landmark Law PLLC
   7 West 6th Ave., Ste. 518
   Helena, MT 59601
   dale@landmarklawpllc.com

5. Katie Smithgall
   Consovoy McCarthy PLLC
   1600 Wilson Blvd, Ste. 700
   Arlington, VA 22209
   katie@consovoymccarthy.com

                                        /s/ Emma Edwards
                                        GRAYBILL LAW FIRM, P.C.