IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MONTANA PUBLIC INTEREST RESEARCH GROUP; MONTANA FEDERATION OF PUBLIC EMPLOYEES, | CV 23-70-H-BMM-KLD |
| Plaintiffs, | ORDER |
| vs. | |
| CHRISTI JACOBSEN, in her official capacity as Montana Secretary of State; AUSTIN KNUDSEN, in his official capacity as Montana Attorney General; CHRIS GALLUS, in his official capacity as Montana Commissioner of Political Practices, | |
| Defendants. | |
| REPUBLICAN NATIONAL COMMITTEE and MONTANA REPUBLICAN PARTY, | |
| Defendant-Intervenors. | |

This matter comes before the Court on a Motion to Intervene filed by the Republican National Committee and the Montana Republican Party ("Movants") (Doc. 7). Movants seek to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a)(2), or in the alternative, permissively under Rule 24(b). Plaintiffs

1

oppose the motion; Defendants do not. For the reasons set forth below, the motion is granted.

I. **Background**

On November 29, 2023, Plaintiffs Montana Public Interest Research Group and Montana Federation of Public Employees ("Plaintiffs") filed the underlying Complaint against Defendants Christi Jacobson, in her official capacity as Montana Secretary of State, Austin Knudsen, in his official capacity as Montana Attorney General, and Chris Gallus, in his official capacity as Montana Commissioner of Political Practices ("Defendants") (Doc. 1). Plaintiffs challenge House Bill 892 ("HB892"), which was signed into law on May 22, 2023, and provides that "[a] person or elector may not purposefully remain registered to vote in more than one place in this state or another state at any time, unless related to involvement in special district elections." Mont. Code Ann. § 13-35-210(5) (2023). HB892 further requires that "[a] person or elector previously registered to vote in another county or another state shall provide the previous registration information on the Montana voter registration application." § 13-35-210(5). Anyone who violates these provisions "shall, on conviction, be fined up to $5,000, be imprisoned for up to 18 months, or both." § 13-35-210(6).

Plaintiffs aver that HB892 is unconstitutionally vague, overbroad, and places an unjustified and unlawful burden on the right to vote, in violation of the First and

2

Fourteenth Amendments to the United States Constitution. (Doc. 1, ¶¶ 49–67). On October 24, 2023, the Republican National Committee and Montana Republican Party filed a motion to intervene in this matter (Doc. 7). On November 6, 2023, Plaintiffs filed a motion for a Preliminary Injunction (Doc. 11).

## II. Discussion

### a. Intervention as of Right

To intervene as of right under Rule 24(a)(2), the moving party must satisfy four requirements: (1) the applicant has timely moved to intervene; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). Rule 24 is liberally construed in favor of proposed intervenors. *Arakaki*, 324 F.3d at 1083. However, "[t]he failure of a party to satisfy one of these elements is fatal to its quest for intervention." *Trump v. Bullock*, 2020 WL 5517169, *1 (D. Mont. Sept. 13, 2020) (citing *League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1302, 1307 (9th Cir. 1997)).

//

//

### i. Timeliness

To determine whether a motion is timely, the court considers (1) the stage of the proceeding, (2) any prejudice to the other parties; and (3) the reason for and length of the delay. *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016). There is no dispute that this motion, filed four weeks after the Complaint and prior to Plaintiffs' motion for a preliminary injunction, is timely. (*See* Doc. 14) (disputing only Movants' purported interests, impairment of those interests, and whether such interests are adequately represented by Defendants).

### ii. Significant Protectable Interest and Disposition May Impair Ability to Protect Interest

A party seeking to intervene as of right must claim "an interest relating to the property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a)(2). A party has a significant protectable interest where "the interest is protectable under some law, and [] there is a relationship between the legally protected interest and the claims at issue." *Arakaki*, 324 F.3d at 1084 (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993)). Next, to establish impairment, a proposed intervenor need only show that the litigation "may … impair or impede" its legally protected interests. Fed. R. Civ. P. 24(a)(2); *United States v. City of Los Angeles*, 288 F.3d 391, 397–98 (9th Cir. 1990).

Movants cite four protectable interests as the basis for intervention: (1) the integrity of Montana's election process; (2) efficient use of Movants' resources; (3)

4

participation in elections; and (4) orderly administration of elections. (Doc. 8 at 14–16). However, because Movants fail as to the fourth element, the Court declines to delve into the adequacy or potential impairment of any asserted interests under the second and third elements. *See Trump*, 2020 WL 5517169, *2 (declining to address any interests or impairment of those interests because fourth element not satisfied).

### iii. Inadequacy of Representation

In determining whether a proposed intervenor's interests are adequately represented, the court considers the following: (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that such other parties would neglect. *Arakaki*, 324 F.3d at 1086. The most important consideration is how the applicant's interests compare with those of the existing parties to the litigation. *Arakaki*, 324 F.3d at 1086. "Where the party and the proposed intervenor share the same 'ultimate objective,' a presumption of adequacy of representation applies, and the intervenor can rebut that presumption only with a 'compelling showing' to the contrary." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 951 (9th Cir. 2009).

5

Here, both Movants and Defendants seek the same ultimate outcome in this litigation: that HB892 be found constitutional. The Court therefore presumes that Defendants adequately represent Movants' interests unless Movants make a "compelling showing" to the contrary. In attempting to overcome this presumption, Movants argue Defendants' interests "are necessarily colored by its view of the public welfare, rather than the more parochial views of a proposed intervenor whose interest is personal to it." (Doc. 8 at 18) (quoting *Conservation L. Found. of New England, Inc. v. Mosbacher*, 966 F.2d 39, 44 (1st Cir. 1992)).

Movants' asserted interests are rooted primarily in their unique position as partisan organizations seeking to elect their own party representatives. (Doc. 8 at 18). The question, therefore, is whether such partisan interests are sufficient to overcome the presumption of adequacy. Movants, citing *Issa v. Newsom*, argue that they are. In *Issa*, the court granted the Democratic Congressional Campaign Committee and the Democratic Party of California intervention as of right in a case challenging the constitutionality of California's requirement that counties implement all-mail ballots. 2020 WL 3074351, *1 (E.D. Cal. June 10, 2020). The court reasoned that the "[d]efendants' arguments turn on their inherent authority as state executives and their responsibility to properly administer election laws," while proposed intervenors "are concerned with ensuring their party members and the voters they represent have the opportunity to vote in the upcoming federal

election, advancing their overall electoral prospects, and allocating their limited resources to inform voters about the election procedures." *Issa*, 2020 WL 3074351, *3.

In response, Plaintiffs cite *Mi Familia Vota v. Hobbs* for the opposite conclusion: that courts within this Circuit recognize "a would-be intervenor's partisan motivation—vis-à-vis the government's obligation to its entire constituency, regardless of political affiliation—does not alone 'call into question [the government's] sincerity, will or desire' to defend the challenged law." (Doc. 14 at 23–24) (quoting *Mi Familia Vota v. Hobbs*, CV-22-000509-PHX-SRB, slip op. at 3 (D. Ariz. November 7, 2023)); *see also Yazzie v. Hobbs*, 2020 WL 8181703, **3–4 (D. Ariz. November 16, 2020) (rejecting proposed intervenor's argument that Defendant Secretary of State "is not in the position to represent the narrower interests of Republican candidates"); *Miracle v. Hobbs*, 333 F.R.D. 151 (D. Ariz. 2019) (proposed intervenors "must do more than allege—and superficially at that—partisan bias" to overcome presumption.).

Both Plaintiffs and Movants fail to address the conflicting outcomes in *Issa*, *Mi Familia Vota*, *Yazzie*, and *Miracle*. Notwithstanding this, the Court agrees with Plaintiffs that partisan motivation is, on its own, insufficient to overcome the presumption. In drawing this conclusion, the Court looks to its own District and *Trump*. 2020 WL 5517169. In *Trump*, the court denied intervention to the League

of Women Voters of Montana in a case challenging then-Governor Bullock's August 6, 2020, directive permitting counties to conduct the general election, in part, by mail-in ballots. 2020 WL 5517169, *2. Although both proposed intervenors and defendants sought to defend the constitutionality of the directive, proposed intervenors also asserted interests in protecting the voting rights of its members and the "right to promote civic engagement and engage in voter education efforts." *Trump*, 2020 WL 5517169, *2. The court, finding this insufficient to overcome the presumption, doubted that the proposed intervenors would offer any different arguments or provide any necessary elements not currently attended to by the parties. *Trump*, 2020 WL 5517169, *2.

Although not precisely on point—the proposed intervenors in *Trump* were a nonpartisan political organization—*Trump's* conclusion is nonetheless compelling. Like *Trump*, Movants attempt to cast their interests in funding, supporting, and electing Republican candidates as sufficiently divergent from Defendants' interests in defending HB892. Like *Trump*, however, Movants have failed to provide the Court with any indication that Defendants are unwilling or unable to make their arguments, or that Movants will offer any necessary elements to the litigation that Defendants would neglect. *Compare*, *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 823 (9th Cir. 2001) (finding that the government would not adequately represent the intervenors' interests when its "response to the [intervenor's] motion

8

acknowledges that it 'will not represent the proposed intervenors interests in the action.'"). This Court therefore finds that Movants have failed to rebut the presumption that Defendants will adequately represent their interests in this matter.

Having determined that mandatory intervention is unwarranted, the Court now considers whether Movants are entitled to permissive intervention.

### b. Permissive Intervention

Under Rule 24(b), the court may grant permissive intervention where the applicant asserts "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). An applicant for permissive intervention must meet the following three threshold requirements: (1) the applicant shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has independent grounds for jurisdiction over its claims. *Trump*, 2020 WL 5517169, *2 (citing *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998)). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Movants have satisfied the threshold requirements for permissive intervention. First, because Movants seek to defend HB892, their defense shares a question of law or fact common to the main action. (Doc. 8 at 21). Second, as addressed above, this motion is timely. Finally, a moving party need not

9

demonstrate independent jurisdictional grounds where, as here, the case is brought pursuant to a federal question and the moving party does not raise new claims. *N. Plains Res. Council v. Army Corps of Eng'rs*, 2019 WL 5818061, *2 (D. Mont. Nov. 7, 2019).

Therefore, the Court need only consider "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b)(3). Plaintiffs assert this District has "agree[d] with the District of Idaho that 'the Court should avoid "piling on" litigants without cause.'" (Doc. 14 at 24) (quoting *Trump*, 2020 WL 5517169, *2). Movants' participation, Plaintiffs argue, is unnecessary to the adequate representation of their interests, and would serve only to complicate the lawsuit and "unnecessarily delay this this time-sensitive proceeding." (Doc. 14 at 25) (quoting *Yazzie*, 2020 WL 8181704, *4).

In the event this Court grants permissive intervention, Plaintiffs request that it condition Movants' participation on adherence to the Court's deadlines and avoidance of duplicative arguments. (Doc. 14 at 27, FN 9). One avenue to prevent duplicative arguments, Plaintiffs suggest, is to require Movants to request leave prior to filing any brief if it believes an issue affecting it has not been addressed; Movants' brief, however, may not repeat any arguments already made by the parties to the litigation. (Doc. 14 at 27, FN 9 (citing *Mi Familia Vota v. Hobbs*, 2021 WL 5217875, *2 (D. Ariz. Oct. 4, 2021) (requiring that "[i]f an intervenor

10

believes that an issue affecting it has not been briefed, it may move for leave to file a brief, but it may not repeat any arguments already raised in the briefing submitted by one of the original parties to the action.")).

In their reply, Movants argue that the Court may still grant permissive intervention where, as here, it previously concludes Defendants adequately represent Movants' interests. (Doc. 23 at 10) (citing *Ariz. Democratic Party v. Hobbs*, 2020 WL 6559160, *1 (D. Ariz. June 26, 2020) ("Unlike Rule 24(a), subsection (b) 'does not require a showing of inadequacy of representation.'")). Should their motion be granted, Movants commit to complying with all deadlines issued by this court, working to prevent duplicative briefing, and coordinating with the parties on discovery should their motion be granted. (Doc. 8 at 21). This commitment, Movants argue, weakens any claims of undue delay. (Doc. 23 at 9) (citing *Emerson Hall Assocs. v. Travelers Cas. Ins.*, 2016 WL 223794, *2 (W.D. Wis. Jan. 19, 2016)).

The Court agrees, and in exercising its discretion, concludes that permissive intervention is appropriate. In any event, given the importance of the issues at stake, it is preferable to err on the side of more information, not less. *See Ariz. Democratic Party*, 2020 WL 6559160, *2. The Court is, however, sensitive to any prejudice or delay that Plaintiffs may suffer due to Movants entry into the lawsuit. Therefore, in accordance with Plaintiffs' request, Movants' intervention is

conditioned upon their compliance with all scheduling orders issued previously and in the future. This measure, the Court believes, will mitigate any concerns of undue delay or prejudice. The Court declines to require that Movants request leave prior to filing any briefing, as this will only serve to complicate the matter. The Court trusts Movants will use their briefing wisely and avoid duplication of arguments already raised by Defendants.

### III.   Conclusion

For the reasons discussed above,

    **IT IS ORDERED** that the Republican National Committee and the Montana Republican Party's Motion to Intervene in this action (Doc. 7) is GRANTED. The caption is modified as reflected above.

    **IT IS FURTHER ORDERED** that Defendant-Intervenors shall abide by the terms of the existing Preliminary Pretrial Conference Order (Doc. 4) and any and all deadlines set forth in the Scheduling Order following the parties' Preliminary Pretrial Conference.

    **IT IS FURTHER ORDERED** that Defendant-Intervenors shall refile their Motion for Pro Hac Vice Admission of Thomas R. McCarthy (Doc. 7-4), Declaration of Thomas R. McCarthy (Doc. 7-5), Motion for Pro Hac Vice Admission of Conor D. Woodfin (Doc. 7-6), and Declaration of Conor D. Woodfin (Doc. 7-6), in accordance with Local Rules.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file Defendant-Intervenors' Proposed Answer (Doc. 7-1) to Plaintiffs' Complaint, Corporate Disclosure Statement of the Montana Republican Party (Doc. 7-2), and Corporate Disclosure Statement of the Republican National Committee (Doc. 7-3).

DATED this 18th day of January, 2024.

Kathleen L. DeSoto
United States Magistrate Judge